IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALEB L. MCGILLVARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1342 (JLH) |
| | ) |
| TODD GRANDE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court are Defendant's motion to quash and dismiss for insufficient service, failure to perfect service, lack of jurisdiction, and frivolity (D.I. 30), and Plaintiff's motion for an extension of time for service pursuant to Federal Rule of Civil Procedure 4(m) (D.I. 37). The pending motions are resolved as follows:

1. Plaintiff's Amended Complaint purports to assert several claims against Defendant, including a claim under the Lanham Act and claims for copyright infringement, wire fraud, and several torts, including defamation, invasion of privacy, and intentional infliction of emotional distress. (D.I. 10.) In December 2022, Plaintiff submitted a letter to the Clerk of Court, asking for the United States Marshals Service to serve Defendant with a summons in this matter. (D.I. 11.) Plaintiff enclosed with the letter a Marshals Service process receipt and return form (Form USM-285) and a copy of the Amended Complaint. *Id.* In January 2023, Plaintiff submitted a second letter requesting issuance of summons (D.I. 15), and the Clerk's Office responded to inform Plaintiff that once the Court issued a service order in his case, the Clerk's Office would mail Form USM-285 to Plaintiff for him to complete and return (D.I. 16). In March 2023, Plaintiff filed an emergency motion for service of complaint (D.I. 18), which the Court dismissed as moot in May 2023, when the Court issued a Service Order (D.I. 19). In June 2023, Plaintiff resubmitted his

request for service, with a Form USM-285 and a copy of the Amended Complaint enclosed (D.I. 20), and the Clerk's Office confirmed receipt and forwarded the documents to the Marshals Service for service in accordance with the Court's Service Order (D.I. 21). Plaintiff filed another request for service shortly thereafter. (D.I. 22.)

2. At the end of July 2023, the Marshals Service returned Form USM-285 to the Clerk's Office. (D.I. 23.) In the remarks section of the form, the Marshals Service noted that it had sent via United States Postal Service the notice, waiver, and complaint to the mailing address for Defendant provided by Plaintiff in June 2023. *Id.* The Form USM-285, with remarks indicating that Defendant had not received service, was docketed as "USM 285 Returned Executed," and a deadline for Defendant to respond to the Amended Complaint was set for August 21, 2023. (D.I. 23.) On August 31, 2023, Plaintiff requested entry of default. (D.I. 26.) The same day, counsel for Defendant requested an extension of time to respond to the complaint, explaining that she had been retained as counsel the day before and noting that it looked like her client had not been properly served. (D.I. 25.) The Court granted Defendant's request for an extension of time to respond and denied Plaintiff's request for entry of default. (*See* D.I. 28, 29, 31, 34, 46.)

3. In September 2023, Defendant moved to dismiss and "quash" for insufficient service of process. (D.I. 30.) Defendant's motion also referenced a number of additional potential grounds for dismissal, including lack of jurisdiction and frivolity. (*Id.*) The same month, Plaintiff submitted another letter to the Clerk's office, requesting issuance of a summons. (D.I. 32.) In October 2023, Plaintiff responded to Defendant's motion to dismiss and quash, asserting that his Form USM-285 had already been returned executed in July of that year, among other arguments. (D.I. 39.) Plaintiff also moved for an extension of time for service pursuant to Rule 4(m). (D.I.

37.) Finally, Plaintiff moved for leave to file a second amended complaint (D.I. 41), which the Court denied without prejudice to renew after the Court adjudicates Defendant's motion to quash and dismiss. (D.I. 46.)

4. The case was reassigned to me in January 2024. Plaintiff subsequently filed a notice regarding the motion for extension of time for service that he filed last October. (D.I. 49.)

5. Upon reviewing the parties' filings, the Form USM-285 returned to the Clerk's Office by the Marshals Service, and the related docket entries, the Court concludes that Defendant has not yet been properly served. Because a docket entry that inappropriately suggested service lies at the heart of the parties' disagreement regarding service, the Court finds it appropriate to **GRANT** Plaintiff's motion for an extension of time for service (D.I. 37). Since Defendant must be served before this matter can proceed, the Court will **DENY** Defendant's motion to quash and dismiss (D.I. 30), without prejudice to renew his arguments regarding jurisdiction and frivolity after service has been made.[1]

6. Plaintiff must provide an address at which Defendant can be served. It is Plaintiff's responsibility to ascertain a complete and proper address. *See, e.g., Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process.") (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) (noting that the moving party did not identify and the Court was unaware of "any authority instructing that a District Court or the USMS must engage in extraordinary

---

[1] For the sake of consistency in treatment of party motions in this case (*see* D.I. 46), the Court denies without prejudice to renew instead of holding in abeyance.

measures to assist an *IFP* litigant in locating a defendant's address for the purpose of service of process") (emphasis in original).

7. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff together with one blank Form USM-285 and one copy of the returned Form USM-285 (D.I. 23). The Clerk of Court is further **DIRECTED** to note the mailing to Plaintiff on the docket. To proceed with service on Defendant, Plaintiff must complete Form USM-285 within **thirty (30) days** of the date of this Order with a proper address where Defendant can be served. Service on Defendant cannot be made by the United States Marshals Service until Plaintiff completes and returns this form. Plaintiff must provide a complete and proper address. Plaintiff is cautioned that failure to return the completed Form USM-285 in accordance with the above instructions may result in dismissal of his complaint against Defendant. Plaintiff must return a Form USM-285 completed in accordance with this paragraph along with a copy of the Amended Complaint (D.I. 10). The Clerk of Court is **DIRECTED** to docket any Form USM-285 that Plaintiff returns in this case.

8. Upon receipt of the form required by Paragraph 8 above, the Marshals Service shall forthwith serve a copy of the Amended Complaint (D.I. 10), this Opinion and Order, a "Notice of Lawsuit" form, and a "Return of Waiver" form upon Defendant. All costs of service shall be advanced by the United States. **The Form USM-285 process receipt and return of waiver shall be filed under seal.**

9. If Defendant does not return an executed "Waiver of Service of Summons" form within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, Plaintiff must complete a summons as to Defendant and submit the completed summons to the Clerk of Court for issuance. Plaintiff shall also provide to the Clerk of Court a completed

Form USM-285 as set forth in Paragraph 7 and a copy of the Amended Complaint (D.I. 10). Upon issuance of the summons by the Clerk of Court, the Marshals Service shall personally serve Defendant, and Defendant shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Federal Rule of Civil Procedure 4(d)(1) and (2).

      10.    **<u>No communication, including pleadings, briefs, or statements of position, will be considered by the Court in this action unless the documents reflect proof of service upon Defendant.</u>**

Dated: September 13, 2024

                                                  The Honorable Jennifer L. Hall
                                                 United States District Judge