# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALEB L. MCGILLVARY | : | C.A. No. 1:22-cv-01342-RGA |
| Plaintiff, | : | |
| | : | JURY TRIAL of 12 DEMANDED |
| v. | : | |
| TODD GRANDE | : | |
| Defendant, | : | |

## DEFENDANT'S MOTION TO QUASH FOR INSUFFICIENT SERVICE OF PROCESS AND TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PERFECT SERVICE, FOR LACK OF JURISDICTION, AND FOR FRIVOLTY

**NOW HERE COMES**, Todd Grande ("Defendant") by and through undersigned counsel to move this Honorable Court to dismiss Plaintiff's Complaint for Failure to Perfect Service and for Lack of Subject Matter Jurisdiction, and for frivolity, and offers in support thereof:

1. Caleb L. McGillvary ("Plaintiff") filed a Complaint in this matter on October 7, 2022. D.I. 3. He referenced address 405 Foulk Road, New Castle, Delaware 19803-309, as Defendant's address.[1]

2. On November 3, 2022, Plaintiff noted that Mr. Grande may have an address of 40 Woodie Drive, Newark, Delaware 19702. On December 2, 2022, Plaintiff filed an Amended Complaint referencing the Woodie Drive address for the Defendant. D.I. 10.

3. On December 29, 2022, Plaintiff filed a Motion and for a Temporary Restraining Order.

---

[1] Plaintiff concurrently filed a Motion for Leave to Proceed *in forma pauperis* (D.I. 1), which was granted on October 10, 2022. D.I. 5.

1

4. On January 5, 2023, the Clerk issued a letter to Plaintiff explaining that Plaintiff was awaiting a Service Order from the Court at which time the Clerk's Office would mail U.S. Marshal forms to him to complete and return for service by the U.S. Marshal.  D.I.15. On March 1, 2023, Plaintiff filed an Emergency Motion for Service of the Complaint pursuant to 28 USC §1915.

5. On May 24, 2023, Plaintiff was ordered pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1), and (e) to provide to the Clerk of Court an original U.S. Marshal - 285 Form for Defendant, requesting Plaintiff provide the Court with a copy of the Amended Complaint for service upon Defendant within 90 days of the date of Order.  D.I. 19.

6. Paragraph 2 of the May 24, 2023 Order, the Court explains that upon receipt of the U.S. M-285 form, a copy of the Amended Complaint as required in Paragraph 1, the US Marshal's shall serve a copy of the Amended Complaint and Order granting Plaintiff's leave to proceed *in forma pauperis*, the May 24, 2023 Order, a "Notice of Lawsuit" form and a "Return of Waiver" form upon the Defendant.

7. Paragraph 3 of the May 24, 2023 Order explains that if Defendant does not return an executed "Waiver of Service of Summons" form within 30 days from the date of the "Notice of Lawsuit" and "Return of Waiver" forms were sent, Plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance.

8. According to USM 285 Form docketed on July 31, 2023, on June 13, 2023, the Marshal sent Notice, Waiver and Complaint to the Defendant by USPS at 4 Woodie Drive in Newark, Delaware 19702 and at 405 Foulk Road in Wilmington, Delaware 19803.  The Remarks

Section shows that, as of July 31, 2023, the executed/signed Waiver of Service was not returned. D.I. 23.

9. As a result of the Plaintiff's failure to serve Defendant, on September 13, 2023, a motion to dismiss was filed with the Court for failure to perfect service, lack of subject matter jurisdiction and frivolity. DI 30. On 10/15/2023, Plaintiff filed a motion for an extension of time to perfect service. DI 49.

10. On September 13, 2024, this Court issued an Order denying Defendant's Motion to Dismiss as premature and granting Plaintiff's Motion for an Extension of Time to Perfect Service. The Court also explained to Plaintiff in detail the necessary actions to be taken in order to perfect service. DI 52.

11. On September 24, 2024, Plaintiff sent USM 285 forms to U.S. Marshals for Todd Grande with copies of Magistrate Consent Notice and the Amended Complaint. The USM 285 noted the same address as the previous attempts at service, 4 Woodie Drive. Newark, Drive for service. Under special instructions it also listed an alternate address of 17 Magill Court, Newark, Delaware, or authorized agent for Defendant c/o Weber Gallagher, 2 Penns Way, Suite, 300, New Castle, DE. The remarks from the US Marshals noted on November 25, 2024, that waiver was sent to all three addresses and was not returned by Defendant. DI 57.

12. On December 20, 2024, Plaintiff filed another motion for Extension of Time for Service Under Rule 4(m). On the same date, Plaintiff reissued USM 285 forms the U.S. Marshals for Todd Grande. The addresses that were provided by Plaintiff for service on Todd Grande were identical to those listed above. DI 58.

13.     On December 30, 2024, the US Marshall sent in a proof of service indicating that Todd Grande was personally served by serving Rob Clarkson at Weber Gallagher.  DI 60.

14.     Contrary to the docket entry and proof of service, Defendant has not been served with the Complaint or any documents pertaining to this lawsuit.  The addresses alleged to be Defendant's proper service on Defendant was that of defense counsel.   In brief, rather than undertaking a diligent search to obtain service at Defendant's proper address, Plaintiff attempted service on Defendant's counsel.

15.     An attorney is not an authorized agent of Defendant for service. Delaware precedent dictates that service in this case is improper under *Federal Rule of Civil Procedure Rule 4(e)(2)(C)*. *Rule 4(e)* provides that service on an individual may be made by delivering a copy of the summons and the complaint to "an agent authorized by appointment or by law to receive such process." *Fed. R. Civ. P. 4(e)(2)(C)*.

16.     Specifically, while attorneys may be agents for service, they must have express or implied authority to do so. *See In re Harnischfeyer Indus., Inc.*, 288 B.R. 79, 82-83 (D. Del. 2003). Neither form of authority is automatically conferred upon the attorney solely through the existence of an attorney-client relationship. *Id.* at 83; *see United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service.")-Indeed, "[e]ven where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." *Ziegler*, 111 F.3d at 881 (finding that an attorney was not a proper agent to receive service despite having represented the client in a prior related matter). *Id.*

4

17. On January 9, 2025, Counsel for Defendant informed Plaintiff of the above referenced issues with service and explained that an attorney is not a authorized agent for service. DI 61. It has now been over two years since the original complaint has been filed and over 90 days since the Court's September 13, 2024, Order outlining proper service. If a defendant is not served within 90 days after the complaint is filed, the court by motion must dismiss the action without prejudice against the defendant or order that service be made within a specified time under Fed. R. Civ. P. 4(m).

18. Defendant was not served with the Complaint or Request to Waive service therefore he is under no duty to waive service at this time.

19. A diligent search would have determined the Defendant's last known mailing address. Plaintiff's attempts to serve the Defendant at an old address or at Defendant's counsel's office as a means to obtain a default judgment against Todd Grande is an abuse of process. Plaintiff's Complaint must be quashed.

20. Additionally, this Court lacks jurisdiction. Subject matter jurisdiction cannot be waived, *United States v. Cotton*, U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434(2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). See Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 12(b)(1).

21.     Federal courts may exercise subject matter jurisdiction in matters of federal question and diversity. The Complaint lacks insufficient proof that Plaintiff is a citizen of New Jersey, but rather Plaintiff acts as if citizenship in this state was bestowed upon him because he is incarcerated there to serve a sentence for murder. A federal court has subject matter jurisdiction in diversity over a state law claim if the plaintiff and defendant(s) are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The citizenship of a natural person is the state where that person is domiciled," (*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018)) which "is established by an objective physical presence in the state . . . coupled with a *subjective intention to remain there indefinitely*." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (emphasis added). "The party asserting diversity jurisdiction bears the burden of proof," and "generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "The party invoking diversity jurisdiction bears the burden of proving facts by which it may be sustained." *Robinson v. Temple Univ. Health Servs.*, 506 F'Appx 112, 115 (3d Cir. 2012) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d at 286)).

22.     The Third Circuit has enumerated factors to consider in determining a person's domicile[2]. *Frett-Smith v. Vanderpool*, 511 F.3d 396, 401 (3d Cir. 2008); *McCann*, 458 F.3d at 286; *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972). However, incarcerated litigants remain citizens of the state in which they were a citizen prior to incarceration. See *Strausbaugh v. Greentree Servicing LLC*, 857 F'Appx 92, 96 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina*,

---

[2] The factors include (1) home of residence; (2) place of employment/business; (3) location of assets; (4) place of driver's license; (5) registration of vehicles; (6) declarations; (7) exercise of political rights; (8) payment of personal taxes; (9) location of bank and brokerage accounts; (10) location of professionals (doctors, lawyers, dentists, etc.); (11) location of spouse and family; and (12) memberships in local organizations.

*Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) ("Prisoners presumptively retain their *prior* citizenship when the gates close behind them.")) (emphasis added). Domicile post-incarceration is rebuttable but the Plaintiff must plead sufficiently to raise a substantial question about his intent to acquire a new domicile or the complaint must be dismissed for lack of subject matter jurisdiction. *Bradley v. Mercucz*, 2014 U.S. Dist. LEXIS 56146 (D.N.J. April 24, 2014). Prior to incarceration, it is well known that Plaintiff had a homeless and nomadic existence, traveling from Canada across the United States.[3] He cannot now claim New Jersey as his domicile simply based on his incarceration in that state for purposes of filing federal cases. Plaintiff's putative serial claims in multiple federal jurisdictions against various Defendants predicated on the same causes of action (*e.g.*, Lantham Act, defamation, infliction of emotional distress) belie his nature as a malicious, wasteful and frivolous litigant.

23.   Plaintiff's Complaint warrants dismissal for frivolity. A federal court may properly dismiss an action *sua sponte* or by motion under the screening provisions of 28 U.S.C. §1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 228, 452 (3d Cir. 2013); *see also* 28 U.S.C. 1915(e)(2) *in forma pauperis* actions). The Court mut accept all factual allegations in a complaint as true and take them in a light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 22, 229 (3d Circ. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's Complaint is held to less arduous

---

[3] Plaintiff's nomadic existence is so well known, it is embedded into his notorious nickname, "Kai the Hatchet-Wielding Hitchhiker".
https://en.wikipedia.org/wiki/Caleb_Lawrence_McGillvary

standards because he is proceeding *pro se*. *Erickson*, 551 U.S. at 94 (citations omitted). Regardless, it must be dismissed if it is frivolous.

24. A Claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastical or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 381 F.3d 523, 540 (2003) and *Neitzke*, 490 U.S. at 327-38). The legal standard for dismissal for under 1915(e)(2)(B)(ii) is identical to the standard to adjudicate 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Leave to amend must be given unless amendment would be futile.

25. The claims asserted in the Complaint are insufficient under *Twombly* and *Iqbal*, which require the Court to review sufficiency of a complaint by taking three steps: (1) note the elements plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to a presumption of truth; and (3) when there are well-pled facts, assume their validity and determine whether they give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Circ. 2016); *see also Ashcroft v. Iqbal*, 556 at 679 (2009)(citing Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).. Courts may use their judicial experience and common sense to assess whether a claim is plausible. *Id*. More than formulaic recitation of causes of action, and more than labels and conclusions, is required. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Circ. 2014). A complaint must contain sufficient facts as to be plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F. 3d 306, 315 (3d Cri. 2014).

26. Here, Plaintiff fails to state any plausible claims. He merely recites pieces of statutory law to assert that Defendant owes him millions of dollars. He cites criminal statutes and

aims to apply them civilly. What's more, he has copied and pasted these basic assertions into cookie-cutter Complaints across various federal courts to assert them against different defendants:

| | |
|---|---|
| 3:2022cv07702 | McGillvary v. Hagan |
| 2:2015cv08840 | MCGILLVARY v. UNION COUNTY NEW JERSEY, et. al |
| 2:2018cv17487 | MCGILLVARY v. HOLOM et al |
| 3:2022cv05883 | McGillvary v. Dorsey |
| 0:2022op03068 | Caleb McGillvary In re: Caleb McGillvary |
| 0:2023op01773 | Caleb L. McGillvary v. et al |
| 2:2022cv08587 | Caleb L. McGillvary v. Theodor Vonkurnatowski |
| 2:2023cv01195 | Caleb L. McGillvary et al v. Netflix, Inc. et al |
| 1:2022cv01342 | McGillvary v. Grande |
| 2:2021cv17121 | MCGILLVARY v. GALFY et al |
| 3:2021cv14015 | MCGILLVARY v. GRANDE |
| 3:2022cv06430 | MCGILLVARY v. RIEZ et al |
| 1:2022cv04185 | MCGILLVARY v. DAVIS |
| 2:2017cv10215 | MCGILLVARY v. STATE OF NEW JERSEY et al |

27. Plaintiff's serial, putative litigation across multiple forums is frivolous and wasteful of precious time and resources, and amendment would be futile because the claims are so baseless and misapplied in law and fact that they are on par with delusion and demand dismissal through an exercise of this Court's judicial experience and common sense. However, to the extent that the Court finds sufficiently pled non-frivolous claims, these claims would not amount to damages at the required threshold level of $75,000.00 for this Court to retain jurisdiction.

**WHEREFORE**, dismissal is proper for failure to serve the Defendant, lack of subject matter jurisdiction, and frivolity.

**Weber Gallagher Simpson Stapleton Fires & Newby LLP**

*/s/ Krista E. Shevlin*

Krista E. Shevlin, Esquire (ID# 4526)
2 Penns Way, Ste. 300
New Castle, DE 19720
Phone: 302-221-3290
Fax: 302-221-3295
Email kshevlin@wglaw.com
Attorney for Defendant

Served to:

Caleb L. McGillvary
SBI# 102317G
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
PRO SE

See certificate of service

Date: 1/21/2025