UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALEB L. MCGILLVARY )    CIVIL ACTION NO.
    PLAINTIFF )    1:22-cv-01342-RGA
     )    Hon. Richard G. Andrews,
V. )    U.S.D.J.
     )
TODD GRANDE )
    DEFENDANT )

BRIEF IN OPPOSITION TO DEFENDANT TODD GRANDE'S
MOTION TO DISMISS UNDER RULE 12(b)



FILED
FEB 24 2025
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Caleb L. McGillvary
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861
*In Propria Persona*

i

# TABLE OF CONTENTS

I. BRIEF IN OPPOSITION

...1

II. CONCISE STATEMENT OF THE CASE

... 1

III. STANDARD OF REVIEW

...3

A. Plaintiff still has rights despite a conviction; and bills of attainder and forfeiture are prohibited by the constitution; but rather Plaintiff is Pro Se, and entitled to liberal construction of his complaint

...3

IV. LEGAL ARGUMENT

...4

POINT I: SERVICE OF PROCESS IS THE RESPONSIBILITY OF THE COURT AND U.S. MARSHAL UNDER 28 U.S.C. 1915, SINCE PLAINTIFF SUBSTANTIALLY COMPLIED WITH THE COURT'S 5/24/23 ORDER

...4

POINT II: JURISDICTION EXISTS IN DELAWARE UNDER MULTIPLE FEDERAL STAUTES

...5

POINT III: DEFENDANT HASN'T CITED ANY ELEMENTS OF A LANHAM ACT CLAIM, MUCH LESS SHOWN HOW PLAINTIFF FAILED TO PLEAD THEM.

...7

POINT IV: DEFENDANT HASN'T MEAIGNFULLY REBUTTED PLAINTIFF'S CIVIL RICO CLAIMS, TACITLY ADMITTING TO WIRE FRAUD AND MONEY LAUNDERING BY FAILING TO DENY THE ALLEGATIONS IN THE AMENDED COMPLAINT

...11

A.) Predicate Acts

...11

1.) Criminal Copyright Infringement

...11

2.) Wire Fraud

...12

ii

3.) Monetary Transactions From Criminally-Derived Property ...13

B. IN LEGAL TERMS, DEFENDANT IS A PERSON ...14

C. ENTERPRISE ...14

D. CONDUCT IN FURTERANCE OF THE ENTERPRISE, 18 U.S.C. 1962(c) ...14

POINT V: DEFENDANT OFFERS NOTHING BUT CONCLUSORY STATEMENTS, DEVOID OF FACTUAL OR LEGAL BASIS, TO REFUTE PLAINTIFF'S STATE LAW CLAIMS ...18

A.) DEFAMATION ...18

B.) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ...20

POINT VI: IT IS THE LAW OF THE CASE THAT THE FAC STATES MERITORIOUS CLAIMS, AND IS NONFRIVOLOUS WITHIN THE MEANING OF 28 U.S.C. 1915((e)(2)(B) ...21

V. CONCLUSION ...22

## TABLE OF AUTHORITIES
### CASELAW

Bedrosian v. IRS, 42 F.4th 174, 181 (CA3 2022)
...21

Bridge v. Phoenix Bond & Indem. Co. 553 US 639, 649 (2008)
...11, 12

Canyon County v Syngenta Seeds, Inc. 519 F.3d 969, 976 (CA9 2008)
...17

Diaz v Gates 420 F.3d 897, 900 (CA9 2005)
...16

Downing v. Abercrombie & Fitch 265 F.3d 994, 1007-08 (9th Cir. 2001)
...7, 8

Erickson v Pardus 551 U.S. 89 (2007)
...3

Facenda v. N.F.L. Films, Inc. 542 F.3d 1007, 1024 (3d Cir. 2008)
...8

Gordon v Drape Creative, Inc. 909 F.3d 257, 263 n.5 (CA9 2019)
...9

In Re Plan For The Abolition Of The Council On Affordable Housing 214 N.J. 444, 479 (2013)
...3

Jack Daniel's Properties, Inc. v VIP Prods. LLC 2023 U.S. LEXIS 2422 (June 8, 2023)
...10

Johnson v Avery 393 U.S. 483 (1967)
...3, 19

Kevin Barry Fine Art Associated v. Ken Gangbar Studio, Inc. 391 F.Supp.3d 959, 971 (N.D. Cal. 2019)
...10

Lee v City of Los Angeles 250 F.3d 668, 688 (CA9 2001)
...4

Matal v Tam 137 S.Ct. 1744, 1752 (2017)
...9

McGillvary v Davis Dkt 1:22-cv-04185-CPO ECF 6 (DNJ Dec. 2, 2022)
...2

McGillvary v Grande 2022 U.S. Dist. LEXIS 82338 at *6-7 (DNJ May 6, 2022)
...2, 4

McGillvary v Riez 3:22-cv-06430-MAS-JBD ECF 2 (DNJ Nov. 28, 2022) ...2

McGowan v. Weinstein 505 F. Supp. 3d 1000, 1010 (C.D. Cal. 2020) ...14

Plyler v Doe 457 U.S. 202, 210 (1982) ...5

Spence v. Funk 396 A.2d 967, 970 (1978) ...18

Stiner v. Univ. of Delaware 243 F. Supp. 2d 106, 115 (D. Del. 2003) ...17

United States v. Louderman 576 F.2d 1383, 1387-88 & n.3 (9th Cir.) ...11

Welch v Folsom 925 F.2d 666, 667, 670 (CA3 1991) ...5

Wendt v Host Int'l Inc. 125 F.3d 806, 812 (CA9 1997) ...9

Wright v. Pepsi Cola Co. 243 F. Supp. 2d 117, 124 (D. Del. 2003) ...17

**STATUTES**

5 U.S.C. 1359 ...5

15 U.S.C. 1125 ...6, 16

18 U.S.C. 1343 ...16

18 U.S.C. 1956 ...12, 13, 14, 16

18 U.S.C. 1957 ...13, 14, 16

18 U.S.C. 1961 ...6, 14

18 U.S.C. 1962 ...11, 14, 15, 16, 17

18 U.S.C. 1964 ...6, 15, 17

18 U.S.C. 1965 ...6

28 U.S.C. 1331

...6

28 U.S.C. 1337

...6

28 U.S.C. 1915

...1, 5

28 U.S.C. 1915((e)(2)(B)

...20

N.J.S.A. 2A:15-1

...3

**COURT RULES**
<u>Fed. R. Civ. P.</u> 8(a)(2)

...10

<u>Fed. R. Civ. P.</u> 10(c)

...1

<u>Fed. R. Civ. P.</u> 12(b)(1)

...1

<u>Fed. R. Civ. P.</u> 12(b)(5)

...1

<u>Fed. R. Civ. P.</u> 12(b)(6)

...2

**CONSTITUTIONAL PROVISIONS**
*N.J. Const.* art. <u>V</u>, <u>1</u>, 14.

...3

Caleb L. McGillvary ("Plaintiff"), hereby opposes Defendant Todd Grande ("Defendant")'s motion to dismiss under Rule 12(b)(1), 12(b)(5), and 28 U.S.C. 1915.

As grounds for this request, Plaintiff relies upon the following grounds:

## I. BRIEF IN OPPOSITION

Plaintiff Caleb L. McGillvary ("Plaintiff") hereby opposes Defendant Todd Grande ("Defendant")'s Motion to Dismiss ("Motion")

## II. CONCISE STATEMENT OF THE CASE

Plaintiff adopts by reference under Rule 10(c) his First Amended Complaint ("FAC") in this matter, and incorporates same fully herein.

Defendant offers no more than bald assertions and conclusory statements to counter the allegations in the FAC. His argument seems to be, "Plaintiff was convicted of a crime and therefore forfeited any right to an action; and since he filed a bunch of complaints and he's pro se, they must therefore all be frivolous or malicious." But Plaintiff has pled a Civil RICO claim based on Defendant's wire fraud and money laundering; and Defendant has not rebutted this. Plaintiff has pled a Lanham Act claim based on Defendant's false endorsement of his

1

moentized YouTube and Patreon channels; Defendant has not rebutted this either. Plaintiff has pled Delaware State law claims of defamation per se, with general damages therefore that exceed $75,000; Defendant has neither rebutted the substance of the claims nor the damages. Defendant's claim that "Plaintiff's putative serial claims in multiple federal jursidictions ... belie his nature as a malicious, wasteful, and frivolous litigant"; is baseless. Plaintiff has never once filed a malicious or frivolous action; and in fact, cases cited by Defendant have already passed a Rule 12(b)(6) motion and were found to have merit. See McGillvary v. Davis Dkt 1:22-cv-04185-MRH ECF 6 (DNJ Dec. 2, 2022); McGillvary v. Riez 3:22-cv-06430-MAS-JBD ECF 2 (DNJ Nov. 28, 2022). In Fact, the District of New Jersey specifically indicated that jurisdiction properly exists in Delaware for these exact claims. See McGillvary v. Grande 2022 U.S. Dist. LEXIS 82338 at *6-7 (DNJ May 6, 2022)("Defendant's domicile is clearly Delaware. See Opp. to Mot. to Dis. at 3 ('Defendant is a citizen of Delaware.'). Defendant resides in Delaware, and has worked as a therapist, counselor, and associate professor in Delaware. Grande Decl. 12, 15.")

2

## III. STANDARD OF REVIEW

**A. Plaintiff still has rights despite a conviction; and bills of attainder and forfeiture are prohibited by the constitiution; but rather Plaintiff is Pro Se, and entitled to liberal construction of his complaint**

The bill of rights has followed Plaintiff into prison. See <u>Johnson v Avery</u> 393 U.S. 483 (1967). Even before the bill of rights, our constitution prohibited bills of attainder and forfiture. Plaintiff still owns his IP and has standing under the pleaded statutes, and capacity to sue under N.J.S.A. 2A:15-1, which statutory authority cannot be superseded by any administrative regulation to the contrary, under the New Jersey State Constitution. <u>In Re Plan For The Abolition Of The Council On Afordable Housing</u> 214 N.J. 444, 479 (2013)("If the legislative and executive branches seek to make substantive changes to the law, they have to proceed through the ordinary legislative process. See <u>N.J. Const. art. </u>V, 1, 14.")

All documents filed by a pro se litigant are entitled to liberal construction in the light most favorable to the pro se litigant, in this case Plaintff. <u>Erickson v Pardus</u> 551 U.S. 89 (2007). On Motion under Rule 12(b), a Court must accept all factual allegations set forth in the complaint as true, and construe them in the light most favorale to

3

Plaintiff. See <u>Lee v City of Los Angeles</u> 250 F.3d 668, 688 (CA9 2001). The liberal construction afforded to pro se plaintiffs is above and beyond this.

## IV. LEGAL ARGUMENT
### POINT I SERVICE OF PROCESS IS THE RESPONSIBILITY OF THE COURT AND U.S. MARSHAL UNDER 28 U.S.C. 1915, SINCE PLAINTIFF SUBSTANTIALLY COMPLAIED WITH THE COURT'S 5/24/23 ORDER

Defendant's entry of appearance should equitably be held to constitute a waiver by conduct. His counsel evidently received the summons and complaint from the U.S. Marshal; yet he is tryingto make the Marshal and Plaintiff chase him around the greater Newark area while he moves around from address to address.

Plaintiff did not fail to undertake a diligent search, but rather served process at the exact same address upon which he had previously served procss upon defendant. See <u>McGillvary v Grande</u> 3:21-14015-FLW (DNJ May 6, 2021). There is no abuse of process, on Plaintiff's end anyways: rather, it appears as though Defendant moved addresses to evade process; then, attempted to wait out the time to respond so he could move to quash. Plaintiff, in contradistinction, has filed his summons and USM-285 forms with alternate addresses and a counsel

who has already received service on behalf of Defendant in this action. Defendant is balking at his counsel accepting selective types of documents, yet the Marshal has not attempted service on Defendant personally at either the main nor the alternate addresses listed on the USM-285. The Marshal is responsible for process under 28 U.S.C. 1915, and it would obviate a circuitous appeal to direct the Marshal to serve process at the addresses listed on the USM-285. See Welch v Folsom 925 F.2d 666, 667, 670 (CA3 1991)(Remanding so the Marshal can perfect service)

## POINT II: JURSIDICTION EXISTS IN DELAWARE UNDER MULTIPLE FEDERAL STATUTES

Defendant argues that, because Plaintiff is a Canadian citizen, he cannot sue under the diversity statute. That argument was struck down 50 years ago in Plyler v Doe 457 U.S. 202, 210 (1982); which held that illegal immigrants have standing to sue under the federal statutes. If, as some legal scholars predict, the Supreme Court may soon overrule or abrogate Plyler, Plaintiff stands ready to prove he is over 50% American Indain by blood quantum, and can amend his complaint with evidence to show he is considered lawfully admitted for permanent residence under 5 U.S.C. 1359. Defendant cannot dispute that he is a

citizen of Delaware. He doesn't dispute the $4,996,000 in compensatory damages, unliquidated damages, or $350,000 punitive damages. Plaintiff could be a citizen of Timbuktu and still maintain this action under the diversity statute: there's diversity of parties and the amount in controversy exceeds $75,000. Defendant's arguments against diversity are so much tilting at windmills.

Plaintiff has pled two federal question claims as well. First, undisputed by Defendant in his sparse motion, is a false endorsement claim under the Lanham Act; 15 U.S.C. 1125; for which jurisdiction exists under 28 U.S.C. 1337. Second, although Defendant claims "he cites criminal statutes and aims to apply them civilly"; he fails to appreciate that those criminal stautes are "predicate acts" as defined by 18 U.S.C. 1961, which do apply civilly under 18 U.S.C. 1964. He also fails to dispute Plaintiff's allegations that he engaged in 2 or more "predicate acts" of wire fraud and money laundering, in furtherance of an enterprise, constituting an actionable claim under 18 U.S.C. 1964; for which jursidiction exists under 28 U.S.C. 1331 and 18 U.S.C. 1965.

## POINT III: DEFENDANT HASN'T CITED ANY ELEMENTS OF A LANHAM ACT CLAIM, MUCH LESS REBUTTED THAT PLAINTIFF HAS PROPERLY PLEADED THEM

"Any person who, or in connection with any goods or services,

uses any ... false or misleading representation of fact, which ... is likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection or association of such person with another person, or as to the orgiin, sponsorship, or approval of his or her goods, services, or commercial activities by another person ... shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

In our celebrity cases ... We noted that the term "mark" applies to the celebrity's persona, the "strength" of the mark refers to the level of recognition that the celebrity has among the segment of the public to whom the advertisement is directed, and the term "goods" concerns the reasons for or source of the celebrity's fame ... It is perhaps clearer to restate the eight factors as applicable to the celebrity case, which can be stated as:

1. The level of recognition that the plaintiff has among the segment of society for whom the defendant's product is intended;

2. the relatedness of the fame or success of the plaintiff to the defendant's product;

3. the similarity of the likeness used by the defendant to the actual plaintiff;

4. evidence of actual confusion;

5. marketing channels used;

6. likely degree of purchaser care;

7. defendant's intent on selecting the plaintiff; and

8. likelihood of expansion of the product lines.

Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case." Downing v. Abercrombie &

7

<u>Fitch</u> 265 F.3d 994, 1007-08 (9th Cir. 2001) Accord <u>Facenda</u>
<u>v. N.F.L. Films, Inc.</u> 542 F.3d 1007, 1024 (3d Cir. 2008)

Plaintiff has pleaded his commercial use of, the established strength of, the level of recognition of, and the relevant market for, his likeness and marks "Smash, Smash, Smash!"; "Kai the hatchet wielding hitchhiker"; and "Kai the hitchhiker"; in "1" and "7"-"13" of the FAC. The relatedness of Plaintiff's fame to the success of Defendant's videos selling advertising is extremely high, as pleaded in "14" of the FAC. The similarity of the likeness used by Defendant to Plaintiff is identical, as pled in "3"-"6" of the FAC. The evidence of actual confusion is plainly shown by the comments to the video, in which viewers of the video express their earnest belief that plaintiff would appear in the video upon clicking the advertisement. The video, and the comments attached thereto, were annexed to the FAC in "2"-"5". The marketing channels used by Defendant were described in "14"-"20" and again in "26" and "31"-"32" as being identical to the channels used by Plaintiff in "7"-"13" of the FAC. It is a judicially noticeable fact that consumers of online streaming videos and related advertising services evince a minimum of care in selecting product, often described as "minless clicking." Defendant clearly selected Plaintiff because of Plaintiff's fame

8

and level of recognition, even making references to Plaintiff's being well-known and sought after in the video described in "2" and "5" of the FAC. The product sold was clicks on an image of Plaintiff and his marks, for which revenue was generated, which the Lanham Act entitles Plaintiff to,

    There is no registration requirement for claims under 15 U.S.C. 1125(a): "An unregistered trademeark can be enforced against would-be infringers." <u>Gordon v Drape Creative, Inc.</u> 909 F.3d 257, 263 n.5 (CA9 2019); Quoting <u>Matal v Tam</u> 137 S.Ct. 1744, 1752 (2017). An Affirmative statement of endorsement is not a pre-requisite: "in some instances, the use of a mark alone may explicitly mislead consumers about a product's source, if consumers would ordinarily identify the source by the mark." <u>Gordon</u> 909 F.3d at 269-70. In this case, Plaintiff pled in his FAC, at "7"-"13", that consumers identify the source of his videos by his name, likeness, and title "Kai the Hatchet Wielding Hitchhiker"; see "22"-"23". Actual confusion is a matter of fact properly deferred to a jury. See <u>Wendt v Host Int'l Inc.</u> 125 F.3d 806, 812 (CA9 1997)("Likelihood of confusion's standard is predominantly factual in nature.") Suffice it to say that Plaintiff has pleaded it; in short, plain

statements of fact. See Rule 8(a)(2). The Supreme Court held in <u>Jack Daniel's Properties, Inc. v VIP Prods. LLC</u> 2023 U.S. LEXIS 2422 (June 8, 2023): "The use of a mark does not count as noncommercial just because it parodies, or otherwise comments on, antoher's products." Id. at P.9. "A defendant cannot get [fair-use exclusion]'s benefit even if engaging in parody, criticism, or commentary - when using the similar-looking mark as a designation of source for the [Defendant's] own goods." Id. at 13 (Internal quotations and citations omitted).

### POINT IV: DEFENDANT HASN'T MEANINGFULLY REBUTTED PLAINTIFF'S CIVIL RICO CLAIMS, TACITLY ADMITTING TO WIRE FRAUD AND MONEY LAUNDERING BY FAILING TO DENY THE ALLEGATIONS IN THE AMENDED COMPLAINT

A.) Predicate Acts

1.) Criminal Copyright Ingringement

"Copyright infringement can support a RICO claim in the absence of counterfeiting or piracy." <u>Kevin Barry Fine Art Associated v. Ken Gangbar Studio, Inc.</u> 391 F.Supp.3d 959, 971 (N.D. Cal. 2019).

Plaintiff has pled a pattern of facts shwoing willingness of the Defendant in infringing Plaintiff's copyrighted works. First, in "3" of the FAC, Plaintiff indicated that Defendant fully knew what he was doing was copyright infringement at the time he did it. Then, in "4",

10

Plaintiff alleged a very clear warning to Defendant that his actions constituted copyright infringement. Then, in "5", Defendant published another video indicating his knowedge of the infringment, all the while committing more infringements and demonstrating wilful conduct. Plaintiff pled the Defendant's criminal copyright statute violations in "21"-"23" of his FAC.

## 2.) Wire Fraud

"A wire fraud violation consists of (1) the formation of a schem or artifice to defraud (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." <u>United States v. Louderman</u> 576 F.2d 1383, 1387-88 (9th Cir. 1998)

"No showing of reliance is required to establish that a person has violated 1962(c) by conducting the affairs of an enterprise through a pattern of racketeering activity consisting of acts of mail fraud. Because an individual can commit an indictable act of mail or wire fraud even if no one relies on his fraud, he can engage in a pattern of racketeering activity, in violation of 1962, without proof of reliance." <u>Bridge v.</u>

<u>Phoenix Bond & Indem. Co.</u> 553 U.S. 639, 649 (2008) (Internal Quotes and citations omitted)

Plaintiff has pled all the elements of Defendant's wire fraud with specificity in "24"-"31" of his FAC; and could amend to plead more specifics upon discovery, or on information of YouTube Monetization policies and belief to be ascertained with certainty through discovery.

## 3.) Monetary Transactions from Criminally-Derived Property

Section 1956 of Title 18 of the U.S. Code proveds, in pertinent part, that:

"(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

...

(B) knowing that the transaction is designed in whole or in part

(i) to conceal or disguuise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity

shall be sentenced to a fine ... or imprisonment. For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of

specified unlawful activity, and all of which are part of a single plan or arrangement.
...
(3) Whoever, with the intent
(A) to promote the carrying on of specified unlawful activity;
(B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity;
...
conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined or imprisoned." 18 U.S.C. 1956 (emphasis provided).

Plaintiff has pled all the elements of Defendant's violation of 18 U.S.C. 1956, 1957 in "24"-"31" of the FAC.

## B. IN LEGAL TERMS, DEFENDANT IS A PERSON

Defendant doesn't dispute that he is a natural person resideing in Delaware engaging in conduct prohibited by 18 U.S.C. 1962, as pled in "31"-"32" of the FAC.

## C. ASSOCIATION IN FACT/PARTNERSHIP ENTERPRISE

Plaintiff has pled a monetization partnership between YouTube and Defendant, and between Patreon and Defendant; in "14"-"20" of the FAC, which Defendant has failed to dispute.

## D. CONDUCT IN FURTHERANCE OF THE ENTERPRISE, 18 U.S.C. 1962(c)

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property. ... A pattern of racketeering activity requires at least two predicate acts of racketeering activitt, as defined in 18 U.S.C. 1961(1), within a period of ten years. ... Closed-ended continuity is established by a series of related predicates extending over a substantial period of time. ... When determining whether a plaintiff adequately alleges a pattern of activity with closed-ended continuity, courts in this Circuit often consider: (1) the number and variety of predicate acts; (2) the presence of separate schemes; (3) the number of victims; and (4) the occurence of dictinct injuries. ... Open-ended continuity requires past conduct that by its nature projects into the future with a threat of repetition. ... [P]roof of a single scheme can be sufficient so long as the predicate acts involved are not isolated or sporadic. ... The relevant question here is whether Defendants would pose a risk of continued criminal activity if presented with the opportunity in the future." McGowan v. Weinstein 505 F. Supp. 3d 1000, 1010 (C.D. Cal. 2020)(internal quotation marks and citations omitted).

As described above, Plaintiff has described many more than two predicate acts, cosntituting a "pattern of racketeering activity": Defendant gets a payment in the course of his monetization partnership enterprises every month, in violation of 18 U.S.C. 1956, 1957, as pled in "24"-"32" of the FAC. Plaintiff has pled the person, enterprise, and continuity of the pattern of racketeering activity, as

14

well as the concrete financial loss and damage, in "21"-"32" of his FAC. All the elements of a Federal Civil RICO claim under 18 U.S.C. 1964, arising under 18 U.S.C. 1962(c), are pled in "21"-"32" of the FAC. Conclusory statements of "he didn't plead it good enough" lack the evidentiary or legal basis of a valid rebuttal. Plaintiff's allegations, accepted as true, state the particulars of each predicate act, and Defendant has failed to rebut any of them. Defendant also failed to provide evidence nor argument to dispute that the enterprise xists, as pled in "14"-"20" and "32" of the FAC; or that he, as a person, engaged in conduct in furtherance of said enterprise, and received money for same, as pled in "14"-"20" and "21"-"32" of the FAC. In fact, Defendant has judicially estopped himself from claiming he didn't make clickwrap agreements in violations of terms of use; since he explicitly admits he doesn't isn't a real doctor yet uploaded the work claiming he was at least twice; he implicitly admits to misrepresenting via clickwrap agreements to YouTube and Patreon that his HIPAA-violating video comported with their terms of use, knowing the falsity of the misrepresentation at the time he made it; intending to induce reliance thereon. As pled in "24"-"30" of the FAC, these clickwrap frauds were

over transmaission by wire; and of themselves form two or more admitted violations of 18 U.S.C. 1343, in violation of 18 U.S.C. 1962(c). Plaintiff could add more particulars on discovery of each payment constituting a separate act of wire fraud and money laundering. Defendant doesn't even try to deny receiving monetary transactions derived from these frauds, as pled in "14"-"20", "24"-"30", and "31"-"32" of the FAC. These are violations of 18 U.S.C. 1956, 1957, in violation of 18 U.S.C. 1962(c). Each of these violations of 18 U.S.C. 1962 (c) are actionable under 18 U.S.C. 1964. A civil RICO claim requires a showing of damage to a property interest. <u>Diaz v Gates</u> 420 F.3d 897, 900 (CA9 2005) (Money is a property interest). As pled in "3", "6", "21"-"23", and "49"-"50" of the FAC, Plaintiff has a property interest in the revenues of the click-based ads which Defendant used Plaintiff's likeness and marks to falsely endorse; evene without registration with the Trademark Office, vested in Plaintiff by 15 U.S.C. 1125. These revenues were converted to the use of Defendant through his pattern of racketeering activity, which has harmed Plaintiff's concrete financial interest in possession of the monies embodied by that revenue. This has resulted in Plaintiff's concrete financial loss of those revenues, which is

16

sufficient to confer RICO standing under 18 U.S.C. 1964, as pled in "14"-"20" and "49"-"50" of the FAC. Defendant threatens to continue violating 18 U.S.C. 1962 with every payment derived from the clickwrap wire frauds; continuing to damage Plaintiff's porperty-interest in revenues, and depriving Plaintiff of monies therefrom, every time, as pled in "31"-"32" of the FAC. See <u>Canyon County v. Syngenta Seeds, Inc.</u> 519 F.3d 969, 976 (CA9 2008) (wrongful deprivation of money is injury to property interest for RICO purposes).

## POINT V: DEFENDANT OFFERS ONTHING BUT CONCLUSORY STATEMENTS DEVOID OF FACTUAL OR LEGAL BASIS, TO REBUT PLAINTIFF'S MERITORIOUS STATE LAW CLAIMS

### A. DEFAMATION

To state a cause of action for defamation under Delaware law, a plaintiff must plead five elements: (1) the defamatory character of the communication; (20 publication; (3) that the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. <u>Wright v. Pepsi Cola Co.</u> 243 F. Supp. 2d 117, 124 (D. Del. 2003). Liber is written defamation and slander is oral defamation. <u>Stiner v. Univ. of Delaware</u> 243 F. Supp. 2d

17

106, 115 (D. Del. 2003) (citing <u>Spence v. Funk</u> 396 A.2d 967, 970 (1978)).

It is judicially noticeable that a criminal conviction, even one for killing a rapist, in America; does not follow a Canadian citizen back across the border. Plaintiff, in fact, has a clean criminal record in Canada, and has never been convicted of any offenses, felony or misdemeanor. False attributions of being convicted of crimes in Canada are defamation per se.

Additionally, the defamatory comments alleged in the complaint were couched in terms of diagnoses, as pled. To falsely attribute such statements in the guise of a Mental Health professional is to slander Plaintiff per se, with false diagnoses impugning his character.

If truth is to be a defense, it must be ples in defense. Just because Defendant wants to make up false allegations of "felony and misdemeanor convictions in Canada" doesn't mean Plaintiff thereafter assumes the burden of proving it false. He has alleged it is false, and the burden is on Defendant to prove a basis for his baseless statements. He can't, so he relies on obfuscation instead.

18

It is not a valid legal argument to say, "Plaintiff is a vagrant, he's in prison, and he filed a bunch of actions, and for that reason hsi claims are frivolous and malicious." This is America. Like it or not, the Constitution exists beyond prison walls. See <u>Johnson v Avery</u> 393 U.S. 483 (1967). Plaintiff has the right to petition the government for redress, and for due process upon that petition. On top of that, he is pro se and entitled to liberal construction of his complaint. He has pleaded all the elements of valid Delaware state law claims, and Defendant has failed to rebut those allegations.

## B.) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff has specifically pled in "44"-"45" of the FAC that Defendant made statements in the guise of a Psychiatric Doctor, misdiagnosing Plaintiff in a public forum by making a false diagnosis which would be entitled to HIPAA privacy protections and psyhotherapist-patient privilege if it were true. Disclosing someone's private health information with the intention of causing that person emotional distress would constitute an IIED claim, yet how much more so when the so-called doctor fabricates not only his credentials, but also the diagnosis he purports to publicize? The acto of posing as a

19

psychiatrist and imposing psychiatric diagnoses on Plaintiff without his consent, indeed withoutb license from the board of medicine or board of psychotherapists, is an act falling within the scope of IIED. It is in the same league as performing surgery upon someone without their consent, but without the physical contact that would constitute assault or battery. It is instead a surgery of the mind, an infliction of psychological wounds upon a patient without the patient's consent, by an unlicensed quack posing as a mind surgeon. That is sufficiently egregious and outrageous to be intolerable in a civilized society, and Defendant has failed to rebut these allegations in any way, shape or form. Averring that "Plaintiff is homeless, therefor Defendant can subject him to any medical analysis or procedure he wants to without consent" is not a valid legal argument in America.

### POINT VI: IT IS THE LAW OF THE CASE THAT THE FAC STATES MERITORIOUS CLAIMS, AND IS NONFRIVOLOUS WITHIN THE MEANING OF 28 U.S.C. 1915((e)(2)(B)

The Defendant baldly asserts that the FAC should be dismissed for frivolity, without providing any basis in fact or legal argument to support that contention. However, it is the law of the case that the FAC is nonfrivolous within the meaning of 28 U.S.C. 1915(e)(2)(B); which

means it is the law of the case that Plaintiff has stated a meritorious claim for relief on the facts alleged in the FAC. See <u>ECF</u> 19; see also <u>Bedrosian v. IRS</u>, 42 F.4th 174, 181 (CA3 2022) (the law of the case doctrine "prevents reconsideration of legal issues already decided in earlier stages of a case").

## V. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully urges the Court to deny Defendant's motion and allow this case to proceed to discovery

Date: 2/18/25

_____

Caleb L. McGillvary, ProSe
#1222665/SBI#102317GNJSP
PO Box 861, Trenton, NJ08625