IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALEB L. MCGILLVARY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-1342 (JLH) |
| TODD GRANDE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

In February 2013, *pro se* Plaintiff Caleb L. McGillvary rose to internet fame as the "Kai the Hatchet-Wielding Hitchhiker," after he stopped an attacker who had crashed a car into pedestrians. Later that year, Plaintiff was convicted of first-degree murder in an unrelated incident, and he is currently serving a 57-year sentence in New Jersey state prison.

In 2021, Defendant Todd Grande published a video on his YouTube channel in which he discussed Plaintiff's personal history and purported to analyze his personality. Plaintiff filed this action against Defendant in 2022. Plaintiff's amended complaint is the operative pleading. (D.I. 10.) Defendant has moved to dismiss the amended complaint. (D.I. 62.) For the reasons summarized below, the Court concludes that the amended complaint fails to state a claim.[1]

---

[1] The Court's conclusion is in accord with other courts to have considered similar claims brought by Plaintiff. *See, e.g.*, *McGillvary v. Hartley*, No. 24-81, 2025 WL 2791081 (M.D. Ga. Sept. 30, 2025) (dismissing McGillvary's complaint against a company and individuals that posted a video about McGillvary on the internet); *McGillvary v. Scutari*, No. 23-22605, 2024 WL 5202487 (D.N.J. Dec. 23, 2024) (dismissing McGillvary's complaint against "81 named Individual Defendants and eleven unidentified John/Jane Doe or unnamed Defendants"); *McGillvary v. Netflix, Inc.*, No. 23-1195, 2024 WL 3588043 (C.D. Cal. July 30, 2024) (dismissing McGillvary's complaint against Netflix, a local news station, a production company, a deputy sheriff, an events venue, and a talk show producer); *McGillvary v. Vonkurnatowski*, No. 22-8587, 2024 WL 6847412 (C.D. Cal. Apr. 10, 2024) (dismissing McGillvary's complaint against an individual that posted a video about McGillvary on the internet).

I.     BACKGROUND

The Court takes as true the following facts from the amended complaint.  Plaintiff garnered public attention in February 2013 when he intervened in an assault by incapacitating the aggressor with a hatchet.  (D.I. 10 at 2–3.)  Plaintiff became known as "Kai the Hatchet-Wielding Hitchhiker," and he appeared in televised news interviews, a late-night talk show, and other media.  (*Id.* at 3.)

In an unrelated incident later that year, Plaintiff was arrested in connection with the death of another man.  (*Id.*)  Plaintiff maintains that he acted in self-defense (*see id.* at 3–4) but a jury in New Jersey found Plaintiff guilty of first-degree murder.  *See State v. McGillvary*, No. A-4519-18, 2021 WL 3378024, at *1 (N.J. Super. Ct. App. Div. Aug. 4, 2021) (affirming conviction).

Defendant has a YouTube channel in which he discusses various topics, including true crime.  (D.I. 10 at 4.)  On March 6, 2021, Defendant uploaded a video in which he provided commentary on Plaintiff's history and personality.  (*Id.* at 5, Ex. A.)  *See* Todd Grande, *Kai the Hitchhiker | Analysis of "Hatchet-Wielding" Personality* (YouTube, Mar. 6, 2021), www.youtube.com/watch?v=XuW1jmxCgjc (last viewed December 16, 2025).[2]  Plaintiff wrote to Defendant from prison to complain about the video, after which, "Defendant removed, edited, [and] re-published the video on his YouTube channel with the caveat at 00:08-00:18: 'Just a reminder, I'm not diagnosing anybody in this video,'" but Defendant made no other significant changes.  (D.I. 10 at 5.)

---

[2] Because Plaintiff's claims are based upon the content of the YouTube video, and the amended complaint incorporates by reference the video and attaches a transcript of the video (D.I. 10 at 5, Ex. A), the Court appropriately considers the video in ruling on the motion to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997).

Plaintiff's amended complaint contends that, by publishing and failing to remove the YouTube video, Defendant has committed torts under Delaware law, including defamation, invasion of privacy, and intentional infliction of emotional distress. (*Id.* at 15–22.)  The amended complaint also asserts federal Racketeer Influenced and Corrupt Organizations Act (RICO) and Lanham Act violations. (*Id.* at 6–15.)

## II.     LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough. *Id.*

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

In addition, because Plaintiff is incarcerated and proceeds *in forma pauperis*, the Court must dismiss the case "at any time" if the Court determines that the action "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

#### A.  Defamation

The amended complaint fails to state a defamation claim. In Delaware, the tort of defamation has the following elements: "1) a false and defamatory communication concerning the plaintiff, 2) publication of the communication to third parties, 3) understanding of the defamatory nature of the communication by the third party, 4) fault on the part of the publisher, and 5) injury to the plaintiff." *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 715–16 (D. Del. 2008) (citation omitted). A defamatory communication is one that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* at 716 (quoting *Henry v. Delaware Law School of Widener University, Inc.*, 1998 WL 15897, at *10 (Del. Ch. Jan. 12, 1998) (citing Restatement (Second) of Torts § 559 (1977))). If a defamation plaintiff is a "limited-purpose public figure," he must also show "actual malice." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020). "Actual malice" requires "that the publisher either know that its article was false or publish it with 'reckless disregard' for its truth." *Id.* (citation omitted).

The Court has reviewed the video (and the transcript of the video attached to the amended complaint) and concludes that the amended complaint fails to state a claim of defamation, for

multiple reasons. For one thing, most of the statements in the video are opinions and characterizations, not assertions of fact, and are therefore incapable of defamatory meaning under Delaware law. *See Riley v. Moyed*, 529 A.2d 248, 251 (Del. 1987). Second, even if some statements were capable of being defamatory, the facts alleged in the amended complaint do not plausibly suggest that they could have lowered Plaintiff in the estimation of the community or deterred third persons from associating or dealing with Plaintiff. *See McGillvary v. Netflix, Inc.*, No. 23-1195, 2024 WL 3588043, at *10 (C.D. Cal. July 30, 2024) (holding that allegation that McGillvary engaged in public urination did not have a tendency to injure his reputation because "McGillvary already has a reputation for public urination given two other public urination incidents"). Finally, given Plaintiff's status as a limited-purpose public figure—having given interviews to a news program and a late-night talk show—the complaint fails to state a defamation claim because it fails to plausibly plead facts suggesting actual malice. *McCafferty*, 955 F.3d at 359 (affirming dismissal of defamation claim brought by limited-purpose public figure for failure to plead facts to suggest that publisher acted with actual malice).

B.     <u>Invasion of Privacy</u>

The amended complaint also fails to state a claim for invasion of privacy. In Delaware, there are "four varieties of the tort: (1) intrusion on plaintiff's physical solitude; (2) publication of private matters violating the ordinary senses; (3) putting plaintiff in a false position in the public eye; and (4) appropriation of some element of plaintiff's personality for commercial use." *Barker v. Huang*, 610 A.2d 1341, 1349 (Del. 1992). Plaintiff contends that Defendant committed the second variety. (D.I. 10 at 15–18.) Under Delaware law, "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and

(b) is not of legitimate concern to the public." *Id.* at 1350 (citing Restatement (Second) of Torts § 652D).

Having reviewed the amended complaint and challenged video in their entirety, the Court concludes that Plaintiff fails to state a claim for invasion of privacy. As the amended complaint acknowledges, Plaintiff gained widespread public recognition as "Kai the Hatchet-Wielding Hitchhiker," and he was subsequently convicted for first-degree murder. In view of those events, Plaintiff's history and characteristics were of legitimate public concern. What's more, if Plaintiff's mental health conditions or other sensitive personal information were discussed in open court proceedings in connection with his 2019 conviction, such information would not have been private in 2021 when Defendant uploaded the challenged video to YouTube.

    C.    <u>Intentional Infliction of Emotional Distress</u>

In Delaware, the tort of intentional infliction of emotional distress requires, among other things "extreme and outrageous conduct." *Spence v. Cherian*, 135 A.3d 1282, 1288–89 (Del. Super. Ct. 2016), as corrected (May 25, 2016) (citing Restatement (Second) of Torts § 46). Having reviewed the amended complaint and challenged video in their entirety, the Court concludes that the amended complaint fails to plausibly allege extreme or outrageous conduct.

    D.    <u>Lanham Act</u>

The Lanham Act was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767–68 (1992) (quoting 15 U.S.C. § 1127). The amended complaint does not allege any facts suggesting a Lanham Act violation at least for the reason that it fails to plausibly suggest that viewers of the challenged video were likely to believe that Plaintiff approved or was in any way affiliated with the creation or posting of the video. *See McGillvary v.*

*Hartley*, No. 24-81, 2025 WL 2791081, at *7 (M.D. Ga. Sept. 30, 2025) (dismissing McGillvary's Lanham Act claim against the publisher of a YouTube video); *McGillvary*, 2024 WL 3588043, at *13 (dismissing McGillvary's Lanham Act claim against Netflix because "no viewer would think that McGillvary was the source of a documentary describing in detail the evidence that led to his murder conviction").

D. RICO

Finally, the amended complaint fails to state a RICO claim. A RICO claim requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," as well as an injury resulting from the conduct constituting a violation. *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985). The amended complaint fails to plausibly plead, at a minimum, the existence of a RICO enterprise in fact and racketeering activity.[3] *Cf. McGillvary*, 2024 WL 3588043, at *14–15 (dismissing McGillvary's RICO claims against Netflix and others for failure to plausibly allege an enterprise or racketeering activity); *McGillvary v. Scutari*, No. 23-22605, 2024 WL 5202487, at *14 (D.N.J. Dec. 23, 2024) (dismissing McGillvary's RICO claims because "Plaintiff fails to plead facts to establish that Defendants were members of an enterprise that was engaged in a pattern of criminal racketeering activities").

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion to dismiss the amended complaint (D.I. 62) is **GRANTED**.

___

[3] The amended complaint fails to plausibly allege the purported predicate act of copyright infringement. *See McGillvary*, 2024 WL 3588043, at *7–10 (explaining that McGillvary cannot claim ownership of a copyright in news clips in which he was interviewed and that use of his photograph in a crime documentary was fair use). The amended complaint also fails to plausibly allege the purported predicate acts of wire fraud and money laundering.

IT IS FURTHER ORDERED that Defendant's motion to quash attempted service of the amended complaint (D.I. 70) is **DENIED as moot**.

IT IS FINALLY ORDERED that any request for leave to amend must be filed on or before January 16, 2026, and must be accompanied by a copy of the proposed amended pleading.[4]

Dated: December 16, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge

_____
[4] "Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018)) (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).