**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, Plaintiff, | ) | |
| v. | ) | C.A. No. 22-1342 (JLH) |
| TODD GRANDE, Defendant. | ) | |

**ORDER**

At Wilmington, this 25th day of August, 2026:

WHEREAS, the Court dismissed Plaintiff's amended complaint for failure to state a claim (D.I. 75) and entered a final order of dismissal on January 20, 2026 (D.I. 78);

WHEREAS, on February 17, 2026, Plaintiff filed a motion styled "Motion for Relief From Judgment under Fed. R. Civ. P. 60(b)" (D.I. 83);

WHEREAS, Plaintiff's motion argues that intervening precedent from the Ninth Circuit Court of Appeals[1] "rendered [this Court's dismissal] decision a mistake" (D.I. 83);

WHEREAS, the Court has reviewed the parties' briefing and the Ninth Circuit decision cited by Plaintiff;

WHEREAS, the Court determines that its dismissal of Plaintiff's claims was in accordance with binding Third Circuit precedent;[2]

---

[1] *McGillvary v. Bunim Murray Prods., LLC*, No. 24-6944, 2026 WL 311615, at *1 (9th Cir. Feb. 5, 2026).

[2] Plaintiff's pending motion emphasizes that Defendant publicly diagnosed Plaintiff with a mental illness, which, according to Plaintiff, "had no basis in fact." (D.I. 83 at 4.) Plaintiff also contends that Defendant made "false statements about Plaintiff being convicted for crimes in Canada." *Id.* But as the Court explained in its December 16, 2025 Order, (i) statements of opinion

WHEREAS, the Court determines that Plaintiff's pending motion must therefore be denied, regardless of whether it is assessed under Federal Rule of Civil Procedure 60(b)(1), (6), or 59(e);

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's "Motion for Relief From Judgment under Fed. R. Civ. P. 60(b)" (D.I. 83) is DENIED.

The Honorable Jennifer L. Hall
United States District Judge

---

(like a diagnosis opinion) are incapable of defamatory meaning, (ii) it's not plausible that the alleged statements could have harmed Plaintiff's reputation in the community (given that he is presently serving a 57-year term of incarceration for first-degree murder), and (iii) Plaintiff did not plead facts plausibly suggesting actual malice. (D.I. 75.)